UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOYLE MIMS #838715 and
ESTES WALKER #932129,

        Plaintiffs,                          Hon. Paul L. Maloney

v.                                                        Case No. 1:22-cv-323

P.C. SIMON, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a prisoner civil rights action brought by two Michigan Department of Corrections (MDOC) prisoners, Doyle Mims and Estes Walker, against several MDOC employees. Now before me is Plaintiff Mims's Motion for Preliminary Injunction. (ECF No. 21.) Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that Plaintiff's motion be **DENIED**. I further recommend that the claims of Plaintiff Walker be **severed** from this case and opened as a separate proceeding to facilitate efficient handling of both Plaintiffs' claims.

### Background

Plaintiffs filed their complaint in this case on April 4, 2022, against several MDOC employees. Both Plaintiffs were incarcerated at Ionia Correction Facility (ICF) at the time and remain so as of this date. Following initial screening pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C § 1997e(c), Plaintiffs' remaining claims are: (1) Eighth Amendment claims against all Defendants premised upon the denial of out-of-cell recreation; and (2) First Amendment retaliation

claims against Defendants Ybara, Morgan, and Bledsoe premised upon the denial of recreation in response to their grievances. (ECF No. 12 at PageID.68; ECF No. 13.)

In the instant motion, Plaintiff Mims seeks a preliminary injunction "to grant temporary communication via I.D. institutional mail" to allow Plaintiffs to discuss their case and coordinate trial and discovery plans. Mims also says that he and Walker have evidence to share with each other.

**Discussion**

In determining whether to grant injunctive relief, a court considers the following factors: (1) whether the movant is likely to prevail on the merits; (2) whether the movant would suffer irreparable injury if the court does not grant the injunction; (3) whether a preliminary injunction would cause substantial harm to others; and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Mem'l Hosp.*, 201 F.3d 830, 833 (6th Cir. 2000). These are factors to be balanced and not prerequisites to be met. *See Six Clinics Holding Corp., II v. Cafcomp Sys., Inc.*, 119 F.3d 393, 400 (6th Cir. 1997)). The decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001).

Denial of injunctive relief in this case is proper for several reasons. First, Plaintiff Mims has presented no evidence supporting the conclusion that Plaintiffs are likely to prevail on the merits of their claims in this case. In fact, Plaintiff Mims does not even mention the above-cited factors. Second, even if Plaintiff had presented such evidence, the relief he seeks is effectively against the MDOC, which is not a party to this action. Because Plaintiff's motion for a preliminary injunction is not seeking relief against a named Defendant or asserting facts raised in the complaint, it is properly denied. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969);

*Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 13 (1945). Finally, the public interest is not served by interference with the MDOC's day-to-day operations in the absence of a compelling reason warranting such relief. This is because "the operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches of our Government, not the Judicial." *Bell v. Wolfish*, 441 U.S. 520, 548 (1979). This is particularly true here, where Plaintiff is requesting the Court to order prison officials to allow communication between two high-security prisoners. In sum, consideration of the foregoing factors weighs heavily against granting Plaintiff Mims's motion.

As set forth above, I further recommend that Plaintiff Walker's claims be severed from this action. Plaintiffs are both presently incarcerated with the MDOC at ICF in Ionia, Michigan. Plaintiffs are not represented by counsel. Federal Rule of Civil Procedure 20(a)(1) identifies the circumstances where Plaintiffs may join together and raise their claims in one action:

> (A) [if] they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) [if] any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1). It appears that the joinder of Plaintiffs' claims here would be permitted under the rules.

Even though Plaintiffs' claims may be permissibly joined under Rule 20, however, there are ample reasons to sever the claims of multiple prisoner-plaintiffs proceeding *in pro per*. In *Proctor v. Applegate*, 661 F. Supp. 2d 743 (E.D. Mich. 2009), the United States District Court for the Eastern District of Michigan set out those reasons:

> In *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966), the Supreme Court held that "[u]nder the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." Consistent with this policy, the requirements prescribed by Rule 20(a) are to be liberally construed in the

interest of convenience and judicial economy. *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002). The undersigned suggests, however, that plaintiffs, especially prisoners, do not have free [rein] to join multiple claims and defendants in any manner they choose. As the New Jersey District Court recently observed, "the policy of liberal application of Rule 20 is not a license to join unrelated claims and defendants in one lawsuit." *Boretsky v. Corzine*, 2008 WL 2512916, *4 (D.N.J. 2008), citing, *Pruden v. SCI Camp Hill*, 252 F. App'x 436 (3d Cir. 2007); *George v. Smith*, 507 F.3d 605 (7th Cir. 2007); *Coughlin, supra*. And, Rule 20 does not authorize a plaintiff to "incorporate into an existing action a different action against different parties and presenting entirely different factual and legal issues." *Lovelace v. Lee*, 2007 WL 3069660, *1 (W.D. Va. 2007), quoting, *Trail Realty Inc. v. Beckett*, 462 F.2d 396, 399–400 (10th Cir. 1972).

The New Jersey District Court also discussed the pervasive impracticalities associated with multiple-plaintiff prisoner litigation, which militates against permissive joinder even if it were otherwise allowed by Rule 20(a). *Boretsky*, at *5. Among the difficulties noted are the "need for each plaintiff to sign every pleading, and the consequent possibilities that documents may be changed as they are circulated, or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation." *Id*. A Wisconsin federal court also found that permitting multiple prisoner-plaintiffs to proceed in a single action invites violations of Rule 11(a), which requires every pleading to be signed by all *pro se* plaintiffs. *Ghashiyah v. Frank*, 2008 WL 680203, *1 (E.D. Wis. 2008). Moreover, it often results in pleadings being filed on behalf of plaintiffs without their consent. *Id*.

Some courts have also noted that "jail populations are notably transitory, making joint litigation difficult." *Boretsky*, at *5, citing, *White v. Tennessee Bd. of Probation and Paroles*, 2007 WL 1309402 (W.D. Tenn. 2007) ("[I]t is administratively impractical to permit five inmates at three institutions to litigate their claims in a single action"). Other District Courts have also pointed to the "need for resolution of individualized questions of fact and law surrounding the requirement for exhaustion of administrative remedies under 42 U.S.C. § 1997e(a)." *Boretsky*, at *6, citing, *Worthen v. Oklahoma Dept. of Corrections*, 2007 WL 4563665 (W.D. Okla. 2007) (Report and Recommendation), Report and Recommendation adopted in pertinent part, 2007 WL 4563644 (W.D. Okla. 2007); *Lilly v. Ozmi*nt, 2007 WL 2022190 (D.S.C. 2007).

The *Boretsky* court found the reasoning of these other District Courts to be persuasive, noting that prisoners are "not in the same situation as non-prisoner joint plaintiffs; prisoners' circumstances make joint litigation exceptionally difficult." *Boretsky*, at *6. The court concluded, however, that it would "not be just to dismiss this case in its entirety merely because the co-plaintiffs' claims may not be joined." *Id*. Instead, pursuant to Rule 21, the court dismissed all plaintiffs except the first named plaintiff, and directed the Clerk of the Court to open a separate case for each dismissed plaintiff, docketing the original complaint and the court's

>    opinion and order in all the newly severed cases. Each plaintiff was also granted leave to file an amended complaint asserting his individual claims. *Id*.

*Proctor*, 661 F. Supp. 2d at 779–81.

Judges of this Court have experienced many of the described difficulties that follow from permitting multiple plaintiffs to proceed in *pro per* in a single litigation. No matter how efficient joinder may appear at the beginning of a case, prisoner-plaintiffs frequently are unable provide pleadings signed by all parties as required by the Rules. The instant motion—signed by only one of the two Plaintiffs—is a prime example. Moreover, when prisoners are transferred, they are never able to do obtain signatures of all plaintiffs. Motions are proposed or opposed by one but not all plaintiffs, leaving the Court to puzzle out who is seeking relief against whom and on whose behalf.

It is well established that *pro se* litigants lack standing to represent the interests of others. *See Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989) (citing *McGowan v. State of Maryland*, 366 U.S. 420, 429 (1961)); *Raines v. Goedde*, No. 92-3120, 1992 WL 188120, at *2 (6th Cir. Aug. 6, 1992). Moreover, federal law specifies that cases in the courts of the United States may be conducted only by the parties personally or through counsel. 28 U.S.C. § 1654. That statute provides that, "in all courts of the United States, the parties may plead and conduct *their own cases* personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654 (emphasis added). The federal courts long have held that Section 1654 preserves a party's right to proceed *pro se*, but only with respect to his or her own claims. Only a licensed attorney may represent other persons. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–03 (1993); *United States v. 9.19 Acres of Land*, 416 F.2d 1244, 1245 (6th Cir. 1969). Where, as may occur here, Plaintiffs are housed at different facilities, permitting Plaintiffs to proceed in a joint action would likely result in motions filed by only one Plaintiff, which would fail to meet the requirement of Rule 11(a) of the Federal

5

Rules of Civil Procedure. *Id.* ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's individual name—or by a party personally if the party is unrepresented.").

Accordingly, I recommend that, in the interests of justice, the Court direct the Clerk to sever the claims of the two Plaintiffs into two actions as follows: Plaintiff Mims may proceed under the existing case number; the Clerk shall open a new case for Walker's claims; and the pleadings filed in the instant case to date shall appear in the docket of each case.

The Western District of Michigan has several rules designed to have related or cognate cases assigned to a single judge. *See* W.D. Mich. LCivR 3.3.1(d) and 3.3.2. Assigning related or cognate cases promotes judicial economy. Likewise, where "actions before the court involve a common question of law or fact, the court may . . . consolidate the actions . . . ." Fed. R. Civ. P. 42(a). I recommend that the case that will result from the severance of Plaintiffs' claims be deemed a related case under the Local Rules.

## Conclusion

For the reasons set forth above, I recommend that the Court **deny** Plaintiff Mims's Motion for Preliminary Injunction. (ECF No. 21.) I further recommend that the Court sever Plaintiff Walker's claims into a separate action as set forth above.

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


Dated: August 8, 2022  /s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge