UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOYLE MIMS, #838715, )
                   Plaintiff, )
                                    )   No. 1:22-cv-323
-v- )
                                    )   Honorable Paul L. Maloney
P.C. SIMON, *et al.*, )
                   Defendants. )
                                     )

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Mims, a prisoner under the control of the Michigan Department of Corrections, alleges Defendants violated his civil rights. Defendants filed a motion for summary judgment asserting that Plaintiff filed to exhaust his administrative remedies before he filed this lawsuit. (ECF No. 28.) The Magistrate Judge issued a report recommending the Court grant the motion. (ECF No. 32.) Plaintiff filed objections. (ECF No. 33.) The Court will adopt the Report and Recommendation and will grant the motion for summary judgment.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

In their motion, Defendants advance two reasons supporting the conclusion that Plaintiff failed to properly exhaust his administrative remedies. First, Plaintiff's Step III appeals for six grievances were still pending when he filed his complaint. Second, all of the grievances were "rejected" rather than "denied" at some point in the process. Because the grievances were rejected, Defendants contend that each grievance had some procedural deficiency. Therefore, even if Plaintiff had waited to file his complaint until after the Step III appeals were resolved, Plaintiff still would not have properly exhausted his administrative remedies.

Plaintiff did not file any response to the motion. Defendants filed their motion on August 24 and mailed Plaintiff a copy of the motion the same day. The Magistrate Judge issued the report on October 18, 2022.

Plaintiff objects to the recommendation. Plaintiff does not deny any material fact in Magistrate Judge's report and recommendation. Instead, Plaintiff attempt to explain, justify and excuse his lack of action. Plaintiff contends that Defendants threatened him with violence if he responded to the motion. He also contends that Defendants interfered and thwarted the grievance process. Plaintiff refers the Court to his response to a similar motion in another lawsuit, 1:22-cv-232. In that response, Plaintiff argues that the grievance process is functionally unavailable because (1) the administrative officer who reviews grievances lacks the authority to grant any relief and (2) MDOC personnel interfere with the process through intimidation.

The Court overrules Plaintiff's objections. First, Plaintiff concedes that he filed this lawsuit before MDOC addressed his Step III appeals. His assertion that the grievance

process is functionally a sham does not excuse his willingness to ignore the requirement to properly exhaust the process. Second, Plaintiff has not justified his lack of a timely response to the motion for summary judgment. Plaintiff's own actions belie his excuses. This year, Plaintiff has filed four civil rights lawsuits in the Western District of Michigan and has filed at least six grievances within the MDOC. His ability and willingness to file documents in the courts and in the institutions where he resides undermines his claims that MDOC employees have thwarted his efforts to obtain redress for the alleged violations of his civil rights.

Accordingly, the Court **ADOPTS** the report and recommendation (ECF No. 32) as its opinion. The Court **GRANTS** Defendants' motion for summary judgment. (ECF No. 28.) Plaintiff's claims are dismissed without prejudice. **IT IS SO ORDERED.**

Date:   November 3, 2022                                    /s/ Paul L. Maloney
                                                                             Paul L. Maloney
                                                                             United States District Judge